UNITED STATES DISTRICT COURT
EASTERN DISRICT OF MICHIGAN
NORTHERN DIVISION

NIKI KRAUSE,

    Plaintiff,

v.

DUNHAM'S ATHLEISURE
CORPORATION,

    Defendant.

U.S. District Court No. _____

Hon. _____
Magistrate Judge _____

Removed from
26th Circuit Court
Case No. 19-8869-CZ

_____/

| | |
|---|---|
| Alan M. Curtis (P81762)<br>Daniel W. White (P27738)<br>WHITE, WOJDA and CURTIS<br>Attorneys for Plaintiff<br>313 N. Second Avenue<br>Alpena, MI 49707<br>(989) 354-4104 | ERIC J. PELTON (P40635)<br>SARAH L. NIRENBERG (P77560)<br>KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>Attorney for Defendant<br>280 N. Old Woodward Avenue<br>Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>epelton@khvpf.com<br>snirenberg@khvpf.com |

_____/

## NOTICE OF REMOVAL

Defendant Dunham's Athleisure Corporation, by its undersigned counsel, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., removes this action from the 26th Circuit Court, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan, Northern Division.

In support of its Notice of Removal, Dunham's states:

1. On February 12, 2019, Plaintiff commenced this action in Michigan's 26th Circuit Court by filing a Complaint entitled *Niki Krause v. Dunham's Athleisure Corporation,* docketed as case number 19-8869-CZ.

2. Plaintiff served a Summons and a copy of the Complaint on Dunham's resident agent via certified mail, which was received on March 19, 2019. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely, because it is filed within 30 days of Dunham's acceptance of service.

3. The Summons and Complaint that are attached hereto as Exhibit A constitute all process, pleadings, and orders that Plaintiff served on Dunham's in this action to date.

4. This Court has original "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the Complaint pleads claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.

5. Plaintiff's Complaint also pleads a state law cause of action under Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq. This Court has

1

pendent or supplemental jurisdiction over this claim because the state law claim derives from a common nucleus of operative facts. See 28 U.S.C. § 1367; 28 U.S.C. § 1441(C); *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

6. A Notice of Filing Notice of Removal and a copy of this Notice of Removal will be filed with the Clerk of the 26th Circuit Court, State of Michigan, as required by 28 U.S.C. § 1446(d), and copies will be served on Plaintiff as verified by the attached proof of service.

7. Dunham's is entitled to, and hereby does, remove this action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.

                        KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C.

                        By: */s/ Eric J. Pelton*
                           Eric J. Pelton (P40635)
                           Sarah L. Nirenberg (P77560)
                        Attorneys for Defendant
                        280 N. Old Woodward Avenue
                        Suite 400
                        Birmingham, Michigan 48009
                        (248) 645-0000

Dated: March 18, 2019       epelton@khvpf.com
                        snirenberg@khvpf.com

322990

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, I caused to be electronically filed the foregoing with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-ECF participant(s):

None

/s/Eric J. Pelton
Eric J. Pelton (P40635)
280 North Old Woodward, Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
(P40635)

# Exhibit A

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|---|
| STATE OF MICHIGAN<br>26th  JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | **SUMMONS** | | CASE NO.<br>19 - 8869-CZ |
| Court address<br>720 W. Chisholm Street, Alpena, MI 49707 | | | | Court telephone no.<br>989-354-9573 |

RECEIVED FEB 2 2 2019

| Plaintiff's name(s), address(es), and telephone no(s).<br>Niki Krause<br>2420 East Trask Lake Road<br>Lincoln, MI 48742<br>989-590-7604 | v | Defendant's name(s), address(es), and telephone no(s).<br>Dunham's Athleisure Corporation<br>Resident Agent: The Corporation Company<br>40600 Ann Arbor Road E, Ste 201<br>Plymouth, MI 48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Alan M. Curtis   P81762<br>White, Wojda and Curtis<br>313 N. Second Avenue<br>Alpena, MI 49707<br>989-354-4104 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2-12-19 | Expiration date*<br>5-12-19 | Court clerk<br>*signature* |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

STATE OF MICHIGAN

IN THE 26TH CIRCUIT COURT FOR THE COUNTY OF ALPENA

NIKI KRAUSE,

        Plaintiff,

v

DUNHAM'S ATHLEISURE CORPORATION,

        Defendant.

Case No. 19-8864-CZ

Hon. Michael G. Mack

_____/

Alan M. Curtis    P81762
Daniel W. White    P27738
WHITE, WOJDA and CURTIS
Attorneys for Plaintiff
313 N. Second Avenue
Alpena, MI 49707
(989) 354-4104

_____/

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Niki Krause, by and through her attorneys White, Wojda, and Curtis, and hereby demands a jury trial in this matter.

Dated: February 12, 2019

Respectfully Submitted,
WHITE, WOJDA AND CURTIS

_____
Alan M. Curtis
Attorney for Plaintiff

## STATE OF MICHIGAN

## IN THE 26TH CIRCUIT COURT FOR THE COUNTY OF ALPENA

NIKI KRAUSE,

    Plaintiff,

Case No. 19-8869-CZ

v

Hon. Michael G. Mack

DUNHAM'S ATHLEISURE CORPORATION,

    Defendant.

_____/

Alan M. Curtis     P81762
Daniel W. White     P27738
WHITE, WOJDA and CURTIS
Attorneys for Plaintiff
313 N. Second Avenue
Alpena, MI 49707
(989) 354-4104
_____/

## COMPLAINT

Plaintiff Niki Krause, through her attorneys, White, Wojda and Curtis, hereby submits her Complaint against Defendant Dunham's Athleisure Corporation, doing business as Dunham's Sports as follows:

### Jurisdictional Background

1. Plaintiff Niki Krause ("Ms. Krause") is a resident of the County of Alcona, State of Michigan.

2. Defendant Dunham's Sports is a foreign profit corporation registered to do business in the State of Michigan, and having a physical location in Alpena County, Michigan.

3. The events giving rise to this Complaint occurred in the County of Alpena.

4. Ms. Krause's damages exceed $25,000.

### General Allegations

5. Ms. Krause incorporates paragraphs 1 through 4 as though completely restated herein.

6. Ms. Krause was hired by Dunham's Sports on October 23, 2014.

7. Ms. Krause found out she was pregnant on December 13, 2016.

8. Ms. Krause informed her employer, Dunham's Sports, that she was pregnant on December 15, 2016.

9. Ms. Krause was informed by her employer that she qualified for twelve weeks of unpaid leave through the Family Medical Leave Act ("FMLA").

10. Ms. Krause's last day of work for Dunham's Sports was June 22, 2017.

11. Ms. Krause's care provider, Bonnie R. Bartz, WHNP CNM, took Ms. Krause off work on July 12, 2017 and submitted notice to Dunham's Sports of her decision to begin Ms. Krause's leave. (See letter attached hereto as Exhibit 1 and incorporated herein by reference).

12. Ms. Krause gave birth to her child on July 25, 2017.

13. On August 9, 2017, Ms. Krause's care provider, Marissa Hill, DO, provided Ms. Krause with a return to work date of October 30, 2017 after the birth of her child to which she notified Dunham's Sports per their instructions contained in the "Pregnancy Leave Information." (See notice attached hereto as Exhibit 2 and incorporated herein by reference).

14. Ms. Krause was terminated on August 24, 2017 without any notice.

15. Subsequent to Ms. Krause's unlawful termination, she was informed by her

employer that she was terminated because she did not return to work soon enough from her pregnancy leave.

16. Ms. Krause was unlawfully terminated because of her pregnancy.

## Count I: Elliot-Larsen Civil Rights Act

17. Ms. Krause incorporates paragraphs 1 through 16 as though completely restated herein.

18. At all material times, Dunham's Sports was an employer covered by and within the meaning of the Elliot-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 *et seq.*

19. The ELCRA at MCL 37.2202(1)(a) provides:

> (1) An employer shall not do any of the following:
>
> (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

20. In addition, the ELCRA at MCL 37.2201(d) defines "sex" as follows:

> "Sex" includes, but is not limited to, pregnancy, childbirth, or a medical condition related to pregnancy or childbirth that does not include nontherapeutic abortion not intended to save the life of the mother.

21. Ms. Krause was advised by her employer that she qualified for pregnancy leave through the FMLA.

22. Ms. Krause was advised by her employer that she would have twelve weeks of maternity leave.

23. Ms. Krause reasonably relied to her determent on her employer's assertion that she would have twelve weeks of maternity leave.

3

24. Ms. Krause was unlawfully discharged from her employment for not returning to work from her maternity leave, even though she had been advised she had twelve weeks of maternity leave from her employer.

25. Ms. Krause was discriminated against, within the meaning of the ELCRA, when Dunham's Sports terminated her because of her pregnancy.

26. As a direct and proximate result of Dunham's Sports unlawful discrimination, Ms. Krause has sustained injuries and damages, including the loss of earnings and earning capacity; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

### Count II: Interreference with Family Medical Leave Act Rights

27. Ms. Krause incorporates paragraphs 1 through 26 as though completely restated herein.

28. The FMLA at 29 U.S.C. § 2615 (a) reads:

> (1) Exercise of rights
>
> It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
>
> (2) Discrimination
>
> It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

29. In addition, 29 C.F.R. § 825.220 provides that "[t]he FMLA's prohibition against interference prohibits an employer from discriminating or retaliating against an

4

employee or prospective employee for having exercised or attempted to exercise FMLA rights."

30. Under 29 U.S.C. § 2615 (a) (1) of the FMLA "interference with rights" includes denial of leave. *James v. Hyatt Regency Chicago*, 707 F.3d 775, 780 (7th Cir. 2013).

31. Pursuant to the FMLA, "once an employer is given notice that the employee is requesting leave for a FMLA qualifying reason, the employer bears the obligation to collect any additional information necessary for the leave to comply with the requirements of the FMLA." *Hammon v. DHL Airways*, Inc. 165 F. 3d 441, 450 (6th Cir. 1999).

32. In addition, an employee terminated after taking FMLA leave can proceed under either an interference or retaliation theory. *Edgar v. JAC Prod., Inc.*, 443 F.3d 501, 511 (6th Cir. 2006).

33. Ms. Krause did request leave for a FMLA qualifying reason, i.e. her pregnancy and postpartum care.

34. Ms. Krause was an employee who was qualified for and entitled to take leave under the FMLA.

35. Ms. Krause's employer, Dunham's Sports, unequivocally told her that she was an eligible employee and entitled to twelve weeks of leave under the FMLA per her inquiry.

36. Dunham's Sports had ample reason to believe that Ms. Krause would rely on their assurance that she was in fact eligible for twelve weeks of unpaid leave under the FMLA.

5

37. Dunham's Sports was under the obligation to collect any additional information necessary for Ms. Krause's leave in order to comply with the requirements of the FMLA.
38. Ms. Krause reasonably relied to her determent on her employer's assertion that she would have twelve weeks of maternity leave.
39. Ms. Krause was unlawfully discharged from her employment for not returning to work from her maternity leave on August 24, 2017.
40. Dunham's Sports told Ms. Krause she was terminated for the first time when she entered the store during her leave while attempting to use her employee discount.
41. Dunham's Sports stated her termination was due to the fact she didn't return to work after six weeks of leave, and that she was not approved for twelve weeks of leave.
42. Ms. Krause rights under the FMLA were interfered with when she was denied the right to use her Dunham's Sports employee in store discount while on leave and when she was terminated without notice from her employment at Dunham's Sports.
43. Dunham's Sports retaliated against Ms. Krause for engaging in a protected activity i.e. inquiring about and later exercising her FMLA rights.
44. By requesting and later taking FMLA leave for a legitimate qualifying purpose Ms. Krause was an employee engaged in a statutorily protected activity.
45. Dunham's Sports took an adverse action against Ms. Krause, when it terminated her without notice for taking twelve weeks of FMLA leave, when she was previously authorized by Dunham's Sports to do so.

6

46. Ms. Krause would not have suffered termination of her employment but for her engagement in the protected activity of taking FMLA leave as previously approved by Dunham's Sports.

47. As a direct and proximate result of Dunham's Sports unlawful interreference with and retaliation for the invocation of Ms. Krause's FMLA rights, she has sustained injuries and damages— including the loss of wages, employee benefits, earning capacity, and interest on these amounts calculated at the prevailing rate; mental distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

THEREFORE, Niki Krause respectfully requests judgment against Defendant in an amount in excess of $25,000, together with continuing costs, interest, actual attorney fees, and such other relief as the Court may deem just and equitable.

Respectfully Submitted,

WHITE, WOJDA and CURTIS

Date: February 12, 2019

Alan M. Curtis
Attorney for Plaintiff

1

**MidMichigan Medical Center – Alpena**
**Obstetrics/Gynecology**

1501 W. Chisholm Street, Alpena, Michigan 49707
Phone (989) 356-5228 ▪ Fax (989) 356-5238

07/12/2017

To Whom It May Concern:

Niki Krause is currently under my medical care and may not return to work at this time beginning 7/12/2017. Please excuse Niki until after delivery and post partum care.

If you require additional information please contact our office.

Sincerely,

Provider: Bonnie R. Bartz WHNP CNM  07/12/2017 12:10 PM

Electronically Signed By: Bonnie R. Bartz WHNP CNM  07/12/2017 12:10 PM

Document generated by: Laura Kruczynski  07/12/2017

Krause, Niki N. 000000037825 12/06/1993 07/11/2017 06:07 PM Page: 1/1



# PREGNANCY LEAVE INFORMATION

## INSTRUCTIONS TO EMPLOYEE:

1. WHEN YOUR LEAVE BEGINS, PLEASE HAVE YOUR HEALTHCARE PROVIDER FAX A NOTE TO HUMAN RESOURCES THAT STATES THE BEGINNING DATE OF YOUR LEAVE TO (248) 530-7653.
2. WHEN YOUR HEALTHCARE PROVIDER PROVIDES YOU WITH A RETURN TO WORK DATE, PLEASE FILL IN YOUR NAME BELOW, GIVE THIS FORM TO YOUR HEALTHCARE PROVIDER TO COMPLETE, AND FAX IT TO HUMAN RESOURCES AT (248) 530-7653.

EMPLOYEE NAME: Niki Krause

## HEALTHCARE PROVIDER TO COMPLETE:

1. WHAT DATE WILL THE EMPLOYEE BE ABLE TO RETURN TO WORK FOLLOWING THE BIRTH OF THE CHILD?
   10/30/2017

2. WILL THE PATIENT HAVE ANY RESTRICTIONS OR LIMITATIONS WHEN RETURNING TO WORK?   YES _____   NO  X

   A. IF YES, PLEASE LIST RESTRICTIONS OR LIMITATIONS AND DURATION:
   _____
   _____
   _____
   _____
   _____

NAME OF HEALTHCARE PROVIDER: Marissa Hill, DO

SIGNATURE OF HEALTHCARE PROVIDER: _____

PROVIDER'S ADDRESS: 1501 W. Chisholm St. Alpena MI 49707

PROVIDER'S PHONE: 989-356-5228      DATE: 8/9/2017